**Abatement Order filed September 23, 2015.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-15-00319-CV

———————

**GENEVA COLBERT, Appellant**

**V.**

**ORCHARD PARK AT WILLBROOK, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1058305**

---

## ABATEMENT ORDER

The reporter's record in this case was due May 1, 2015. *See* Tex. R. App. P. 35.1. On May 27, 2015, this court ordered the court reporter to file the record within 30 days. The record was not filed. On June 23, 2015, this court issued an order deeming appellant indigent, and ordering the official court reporter for the County Civil Court at Law No. 2 to file the reporter's record within 30 days of June 23, 2015.

When the court reporter failed to file the record as ordered, this court ordered the court reporter to file the record on or before September 9, 2015, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The record has not been filed with the court. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). It is the duty of the trial court to ensure that its reporter's work is timely accomplished by setting work priorities. Tex. R. App. P. 13.3. Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the County Civil Court at Law No. 2 to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate to (a) determine the reason for failure to file the record; (b) establish a date certain when the reporter's record will be filed, and (c) make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the

record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.